BARRY, Circuit Judge,
dissenting.
This is, in my view, a “plain error” case in which, if error there be, it surely is not “plain.” I respectfully dissent.
Twelve days before trial, the District Court ruled on a motion in limine that the robbery of Frank and Shirley’s was admissible as direct evidence that Haas had violated 18 U.S.C. § 922(g)(1), the crime with which he was charged. No limiting instruction was thereafter sought — not pretrial, not during trial. Neither was any objection made to the superseding indictment with its “sentencing allegations,” allegations calling for the same evidence of the robbery: the testimony of Meyers and Manfredo that the wig, sunglasses, gloves, and, indeed, the gun found in Haas’s truck on March 21 were those used at Frank and Shirley’s two days earlier.
Given these failures, our review is for plain error. I see no error, much less error that is “clear” or “obvious,” and I surely do not see error that “affected the outcome of the district court proceedings” or that “seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citation and quotation marks omitted). I note, in this connection, that the case against Haas, even aside from the evidence of which he now complains, was powerful. His DNA was on the wig and the sunglasses found with the gun in his truck on March 21, and his explanation at trial, at least in my view, buried him. I would affirm the judgment of conviction and sentence.